**FILED**

UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

APR 2 6 2022

MITCHELL R. ELFERS
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. *22-666 KG* |
| | ) | |
| vs. | ) | |
| | ) | |
| **LANCE MARION COJO,** | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties hereby notify the

Court of the following agreement between the United States Attorney for the District of New

Mexico, the defendant, **LANCE MARION COJO**, and the defendant's counsel, GREGORY

GARVEY:

### REPRESENTATION BY COUNSEL

1.     The defendant understands the defendant's right to be represented by an attorney

and is so represented. The defendant has thoroughly reviewed all aspects of this case with the

defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2.     The defendant further understands the following rights:

    a.     to be charged and prosecuted by indictment;

    b.     to plead not guilty;

    c.     to have a trial by jury;

    d.     to confront and cross-examine witnesses and to call witnesses to testify for
the defense; and

e.      against compelled self-incrimination.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.      The defendant hereby agrees to waive these rights and to plead guilty to the Information charging in Count 1 a violation of 18 U.S.C. §§ 1151, 1153, and 113(a)(7): Assault of a Spouse, Intimate Partner, or Dating Partner Resulting in Substantial Bodily Injury; and charging in Count 2 a violation of 18 U.S.C. §§ 1151, 1153, and113(a)(8): Assault of a Spouse, Intimate Partner, or Dating Partner by Strangling.

## ELEMENTS OF THE OFFENSE

4.      The elements of 18 U.S.C. §§ 1151, 1153, and 113(a)(7), Assault of a Spouse, Intimate Partner, or Dating Partner Resulting in Substantial Bodily Injury, are:

a.      the defendant assaulted the victim;

b.      the victim was a spouse, intimate partner, or dating partner of the defendant;

c.      the assault resulted in substantial bodily injury;

d.      the defendant was Indian; and

e.      the acts occurred within Indian Country.

5.      The elements of 18 U.S.C. §§ 1151, 1153, and 113(a)(8), Assault of a Spouse, Intimate Partner, or Dating Partner by Strangling, are:

a.      the defendant assaulted the victim by strangling, suffocating, or attempting to strangle or suffocate the victim;

b.      the victim was a spouse, intimate partner, or dating partner of the defendant;

c.      the defendant was Indian; and

d.      the acts occurred within Indian Country.

2

## SENTENCING

6.    The defendant understands that the minimum and maximum penalty the Court can impose as to Count 1 is:

   a.    imprisonment for a period of up to five years;

   b.    a fine not to exceed $250,000.00;

   c.    a mandatory term of supervised release of up to three years. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release);

   d.    a mandatory special penalty assessment of $100.00;

7.    The defendant understands that the minimum and maximum penalty the Court can impose as to Count 2 is:

   a.    imprisonment for a period of up to ten years;

   b.    a fine not to exceed $250,000.00;

   c.    a mandatory term of supervised release of up to three years. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release); and

   d.    a mandatory special penalty assessment of $100.00.

8.    The parties are aware that the Court may accept or reject this plea agreement or may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report. Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant shall have the right to withdraw Defendant's plea of guilty.

9.     The United States hereby expressly reserves the right to make known to the United States Probation Office and to the Court, for inclusion in the presentence report prepared pursuant to Federal Rule of Criminal Procedure 32, any information that the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under USSG § 1B1.3.

10.    Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the defendant agrees that, upon the defendant's signing of this plea agreement, the facts that the defendant has admitted under this plea agreement as set forth below, as well as any facts to which the defendant admits in open court at the defendant's plea hearing, shall be admissible against the defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the defendant expressly waives the defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the defendant admits in conjunction with this plea agreement. The Court has not acted on its own if its rejection of the plea agreement occurs after Defendant has expressly or implicitly suggested to the Court a desire or willingness to withdraw his or her plea or not to be bound by the terms of this plea agreement.

DEFENDANT'S ADMISSION OF FACTS

11.    By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the Information that increase the statutory minimum or maximum

4

penalties. I specifically admit the following facts related to the charges against me, and declare

under penalty of perjury that all of these facts are true and correct:

> Beginning on December 31, 2021, on the Mescalero Apache Reservation, in Otero County, District of New Mexico, I, Lance Marion Cojo, an Indian, assaulted Jane Doe, my intimate and dating partner, by stomping on Doe's foot, hitting her in the head multiple times, biting her cheek, and burning her on her right shoulder with a pipe used for smoking drugs. Additionally, I strangled Doe by grabbing her throat with one hand and applying pressure to her neck to the point it impeded Doe's breathing.
>
> On January 1, 2022, on the Mescalero Apache Reservation, in Otero County, District of New Mexico, I continued the assault of Jane Doe, my intimate and dating partner, by hitting Doe in the head and kicking Doe in the back multiple times. Additionally, I again strangled Doe by grabbing her by the neck and applying pressure to her neck to the point it impeded Doe's breathing.
>
> As a result of my assault of Doe that began on December 31, 2021, and ended on January 1, 2022, Jane Doe sustained injuries, including a periorbital contusion and ecchymosis to the left eye, left cheek, and right eye; a bite mark to the left cheek; fingertip bruising to the anterior neck; tenderness and swelling to the left posterior ribs; fingertip pattern ecchymosis to the left upper arm; a bite mark to the right forearm with a contusion; a bite mark that was open to the right fifth finger; scattered abrasions and contusions to her generalized body; a second degree burn that was approximately 2 cm in length to the shoulder; and a small left apical pneumothorax (collapsed lung) with an associated rib fracture deformity/acute posterior left 10th and 11th rib fractures. These injuries constitute substantial bodily injury as defined in 18 U.S.C. § 113.
>
> I am a citizen of the Mescalero Apache Tribe with a blood quantum of 1/2-degree Mescalero Apache Indian Blood.

12.     By signing this agreement, the defendant admits that there is a factual basis for each element of the crime(s) to which the defendant will plead guilty. The defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the defendant's sentence, including, but not limited to, the advisory guideline offense level.

<u>STIPULATIONS</u>

13.     The United States and the defendant stipulate as follows:

5

a. The defendant and the United States agree, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a specific sentence of 24 months of imprisonment followed by three years of supervised release is the appropriate sentence in this case. The remaining components of the defendant's sentence, including but not limited to any fine or restitution and the conditions of supervised release, shall be imposed by the Court after the presentation of evidence and/or argument by the parties.

## DEFENDANT'S OBLIGATIONS

14. The defendant understands the defendant's obligation to provide the United States Probation Office with truthful, accurate, and complete information, including, but not limited to defendant's true identity, citizenship status, and any prior criminal convictions. The defendant hereby represents that the defendant has complied with and will continue to comply with this obligation. The defendant understands that any misrepresentation with respect to the above obligations may be considered a breach of this plea agreement.

15. The Defendant agrees that any financial records and information provided by the Defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

16. By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless: (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal. Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation

6

it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

## WAIVER OF APPEAL RIGHTS

17.     The defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal the defendant's conviction and any sentence, including any fine, at or under the maximum statutory penalty authorized by law, as well as any order of restitution entered by the Court. The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that "extraordinary and compelling reasons" for a sentence reduction are lacking or that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). In addition, the defendant agrees to waive any collateral attack to the defendant's conviction and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of counsel's ineffective assistance.

## GOVERNMENT'S AGREEMENT

18.     Provided that the defendant fulfills the defendant's obligations as set out above, the United States agrees not to bring additional criminal charges against the defendant arising out of the facts forming the basis of the present Information.

19.     This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

20.     The defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats or promises (other than the promises set forth in this

7

plea agreement and any addenda). The defendant also represents that the defendant is pleading guilty because the defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

21.    The defendant understands and agrees that if the defendant or the defendant's attorney violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, and obstruction of justice, and any other crime committed by the defendant during prosecution of this case.

## SPECIAL ASSESSMENT

22.    At this time of sentencing, the defendant will tender a money order or certified check payable to the order of the United States District Court, District of New Mexico, 333 Lomas Boulevard, NW, Albuquerque, New Mexico 87102, in the amount of $200.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

23.    This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. The parties agree and stipulate that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding. This agreement is effective upon signature by the defendant and an Assistant United States Attorney, and upon entry of a guilty plea by the defendant pursuant to this agreement.

8

AGREED TO AND SIGNED this 13th day of April_____, 2022.

> FRED J. FEDERICI
> United States Attorney
>
> MATILDA MCCARTHY VILLALOBOS
> Assistant U.S. Attorney
> 200 N. Church Street
> Las Cruces, NM  88001
> (575) 522-2304 – Tel.
> (575) 522-2391 – Fax

This agreement has been read to me in the language I understand best, and I have carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of the elements of the offense, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

> LANCE MARION COJO
> Defendant

I am the attorney for LANCE MARION COJO. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of the elements of the offense, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

> GREGORY GARVEY
> Attorney for Defendant

9